✓ FILED ___ ENTERED
____ LOGGED _____ RECEIVED

3:04 pm, Aug 14 2025

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____DG_____Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.** 25-mj-02005 |
| | * | |
| **TONY MARCOS FERREIRA-DOS** | * | |
| **SANTOS** | * | |

**\*\*\*\*\*\*\***

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jesse Tyler Aston, being duly sworn, depose and state the following:

1.      I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, Enforcement Removal Operations, and have served in that capacity since 2022.  I am authorized by law to interrogate, arrest, search, and seize aliens who are unlawfully present in the United States pursuant to Title 8, United States Code, Section 1357. Throughout my career, I have been involved in the investigation of numerous cases involving the illegal reentry of aliens and other violations of the Immigration & Nationality Act (INA).

2.      I am familiar with the facts and circumstances set forth below from my investigation of this matter including my review of body worn camera (BWC) footage from the Immigration and Customs Enforcement (ICE) officers involved in the June 8, 2025, encounter with the Defendant, Tony Marcos Ferreira-Dos Santos and other information.  Because I have submitted this Affidavit for the limited purpose of establishing probable cause, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause.

3. This Affidavit is submitted in support of a criminal complaint and arrest warrant for Tony Marcos Ferreira-Dos Santos (Ferreira), charging him with assaulting, resisting, or impeding certain officers or employees in violation of 18 U.S.C. § 111.

**PROBABLE CAUSE**

4. Ferreira is a citizen and national of Brazil and not a native, citizen, or national of the United States. Ferreira entered the United States at an unknown date and time, at which time he was in violation of 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act and was "an alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General."

5. On or about June 8, 2025, two Immigration and Customs Enforcement (ICE) officers arrived at a location in Wicomico County, Maryland. The ICE officers encountered two individuals. The officers were both wearing tactical vests, fatigue/gray/green in color, with the words "POLICE" on the front and back.

6. One of the two individuals (Subject-1) encountered was the subject of a final order of removal. The officers recognized that individual as being subject to a final order of removal. The other individual was later identified as the Defendant herein, Tony Marcos Ferreira-Dos Santos. The officers approached. Both Subject-1 and Ferreira fled. Each of the ICE agents pursued, with each agent initially pursuing one of the persons.

7. One of the ICE officers pursued Subject-1 into a nearby wooded area. Subject-1 was apprehended and taken into custody.

8. The other ICE officer pursued Ferreira (later identified). During the pursuit the ICE officer yelled "stop" (repeatedly) and "you're going to get tased" and near the end of the pursuit effort, "police stop running" (although it should be noted that Ferreira was some distance

from the officer during the last of those commands and body-worn camera video does not make it clear whether Ferreira heard the command). Ferreira initially got away. That ICE officer then returned to assist the other ICE officer with Subject-1.

9.      The ICE officers completed the detention of Subject-1 and placed Subject-1 into an ICE vehicle. The ICE officers then began to look for Ferreira. Other ICE officers began to arrive at the location. Those ICE officers were clothed in a similar manner to the first two ICE officers – tactical vests with the word "POLICE" shown.

10.      The ICE officers eventually found Ferreira who seemed to be hiding in some brush. The officers went into the brush and attempted to apprehend Ferreira. BWC shows Ferreira lying on the ground on his back, front facing up, when officers first arrive near him. Ferreira was ordered to show his hands and roll over. He did not. A physical struggle then ensued between Ferreira and multiple ICE officers during which the ICE officers attempted to secure Ferreira's detention. Body-worn camera video of the encounter shows that Ferreira did not submit to being taken into custody or handcuffed before engaging the ICE officers in a physical struggle for several minutes.

11.      During the course of their efforts to get Ferreira under control, the officers made several statements to Ferreira and to each other that indicated that was going on (including in instances in which events were not captured on video):

- Officers gave Ferreira commands in an attempt to get him to acquiesce, including comments like "stop," "what are you doing," and "there's three of us" (meaning three officers); officers told Ferreira to put his hands behind his back; officers told Ferreira to relax and to stop fighting; at one point one of the officers confirmed the Defendant's language as Portuguese (although the Defendant also made statements to the officers in English during the encounter); the officers again told

the Defendant to relax and to stop fighting; at one point the Defendant asked to be able to call his family and the officers said they would let the Defendant call them (this was as the struggle was still ongoing); at one point one of the officers warned the Defendant that he was going to get tased again; officers instructed Ferreira to give them his hands.

- At one point, in the midst of the statements described above, one of the officers said to the Defendant words to the effect of "you're done, you assaulted me."

- At one point one of the officers said they got a cuff on, and another officer said words to the effect of "you got one cuff on."

- The Defendant was again told to put his hand behind his back. Eventually, officers were able to get the Defendant fully handcuffed behind his back.

- The Defendant was eventually rolled to the point where he was lying front side down on the ground. Officers later moved the Defendant to his side. By that point, the BWC indicated that the Defendant was more compliant.

- One of the ICE officers is overheard on BWC stating words to the effect that he had tased the Defendant twice but to no effect and that the Defendant kicked the officer in the chest.

12.    Statements by officers on their BWC indicate that at some point Ferreira had "assaulted" the ICE officer and later during the video, after Ferreira is brought under control, the ICE officer states on his video that Ferreira had kicked the ICE officer in the chest. Although the BWC video does not show all of the contact between the ICE officers, and although and the kicking motion is not captured on the video, the BWC video does show a physical engagement between

4

the ICE officers and Ferreira for several minutes.  It also appears per statements by officers on

BWC that the Defendant was tased twice during the encounter, apparently without any effect.[1]

13.     For the foregoing reasons, the Defendant did commit offenses in violation of 18

U.S.C. § 111.  The ICE officers involved in the apprehension of the Defendant were "officer[s] or

employee[s]" of Immigration Customs Enforcement, which is an agency of the United States

government and were, at the time of the events herein, "engaged in…the performance of official

duties," that is the enforcement of United States immigration law. The Defendant's conduct was

also on "account" of the ICE officers' performance of their official duties.  The Defendant's

physical resistance and struggle with the ICE officers also constituted forcibly assaulting, resisting,

opposing, impeding, and/or interference with the federal officers as prohibited by 18 U.S.C. § 111.

---

[1]     The Defendant and ICE officers were checked by medical professionals and did not need
medical treatment.

**CONCLUSION**

14.     Accordingly, pursuant to the facts set forth above, I submit that probable cause exists for the issuance of a criminal complaint and warrant for the arrest of Tony Marcos Ferreira-Dos Santos for violations of 18 U.S.C. § 111.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

JESSE T ASTON
Digitally signed by JESSE T ASTON
Date: 2025.08.07 15:49:53 -04'00'

Jesse Tyler Aston
Deportation Officer
Immigration and Customs Enforcement
Enforcement Removal Operations

Sworn to before me over the telephone and signed by me pursuant to Federal Criminal Procedure Rules 4.1 and 4(d) this __8th__ day of August, 2025.

HONORABLE CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE